[Crim. No. 4069. In Bank.—February 4, 1937.]

THE PEOPLE, Respondent, v. FRED HART, Appellant.

No appearance for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General for Respondent.

EDMONDS, J.—An appeal from the judgment of conviction on the charge of murder in the first degree is automatically presented to this court under the provisions of section 1239 of the Penal Code.

Fred Hart was charged in an information with the crime of the murder of Elizabeth Martin at Indio on July 17, 1936. He entered only the plea of not guilty by reason of insanity. Alienists were appointed by the court to examine the defendant and they testified upon a trial of that issue. A jury returned its verdict finding the defendant sane on the date charged in the information. The defendant having entered no other plea, upon the return of the verdict stood convicted

of the crime charged. Thereupon testimony was taken to fix the degree of the crime and it was stipulated that the evidence presented upon the trial of the insanity issue might be considered by the court in determining that fact. Upon the conclusion of that hearing the court determined the crime committed by the defendant to be murder in the first degree and entered judgment imposing the death penalty therefor.

Defendant was represented at the trial by counsel appointed by the court to defend him, but they have not presented any brief upon the appeal. There is nothing that can be said in mitigation of the crime which was admittedly committed by the defendant. The trial judge termed it ''a cool, deliberate, carefully planned and premeditated killing'', and the record contains abundant evidence supporting this conclusion.

Defendant, a railroad man out of employment and separated from his wife, met Elizabeth Martin in 1932 while he was a patient in a San Bernardino hospital. He had deliberately placed his hand beneath a train in order to collect insurance for the injury. He collected $5,000 in one sum and payments of $35 per month for a period of about two years thereafter. Following his discharge from the hospital he and Mrs. Martin lived together for some time. She subsequently went east and upon her return he saw her in San Bernardino, when she informed him that she had married one Ed Martin. This was on July 11th.

Six days later, defendant borrowed a gun from a friend and drove to Indio and waited for Mrs. Martin in front of an auto court where she was living. In the meantime, he had several bottles of beer. Upon Mrs. Martin's return, he went into the apartment where she was living, and as she stepped up on a chair to reach for something in the kitchenette, he shot her. The shot entered the stomach and intestines, and death resulted four days afterwards.

The record shows no error whatever prejudicial to the defendant, but, on the contrary, a sordid story of the circumstances under which the defendant shot the woman without any provocation or warning.

The judgment is affirmed.

Waste, C. J., Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.